IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENOVEVA MORALES, *et al.*, Plaintiffs | § § § | |
| v. | § § | DR-70-CA-14 |
| E.P. SHANNON, *et al.*, Defendants | § § | |

**Declaration of Ernest I. Herrera**

My name is Ernest I. Herrera and I am over the age of 18 and fully competent to make this declaration.

1. I work as a staff attorney for the Mexican American Legal Defense and Educational Fund, and my office is located at 110 Broadway, Ste. 300, San Antonio, Texas 78205.
2. I am counsel of record in *Morales, et al. v. Shannon, et al.*, case number 2:70-cv-00014 OLG.
3. I work under the supervision of David Hinojosa, lead counsel for Plaintiffs, and my initial duties included reviewing documents produced in response to Morales Plaintiffs' written discovery requests propounded in the summer of 2013.
4. On October 30, 2013, I traveled with Mr. Hinojosa to a meeting with Stacy T. Castillo, Counsel for Defendants, and Dr. Jeanette Ball, Uvalde Consolidated Independent School District Superintendent.
5. This meeting was scheduled because Defendants indicated in their responses to Plaintiffs' 2013 discovery requests that certain documents would be made available upon request.
6. At the meeting, Dr. Ball and Ms. Castillo asked us what the District could do to show compliance. Dr. Ball explained that the District had undergone various staffing changes over the previous year and that the District was still working to achieve compliance.
7. In the course of this discussion, Mr. Hinojosa explained various requirements under the Consent Decree and the responsibilities of the District under Exhibit A to the Consent Decree.

EXHIBIT 4

8. There were few documents prepared for the meeting. Dr. Ball allowed us to look through a cardboard box in which there were folders labelled with various numbers of sections in "Exhibit A" (Dkt. 204-1) to the Consent Decree.
9. Many of the folders were empty, and many documents were not placed within the properly labelled folder. Other documents were loose in the box or were not clearly relevant to any section of Exhibit A. Mr. Hinojosa and I sorted through the documents, placing some of them into appropriate folders. We asked about where other missing documents could be found, such as certain District policies and forms, and Ms. Ball often responded that she were unsure.
10. Dr. Ball and Ms. Castillo introduced us to a District employee who kept records for the District, including employment records.
11. Dr. Ball showed us the large filing cabinets in the District office where these files were kept. She also asked us what documents we wanted to see specifically, and we walked her and her counsel through each of the requests for production.
12. When Mr. Hinojosa said that we had asked for evaluations of teachers who had been transferred, Ms. Castillo said that the evaluations would be too voluminous to copy and that none of them were in electronic form. Dr. Ball said that she would use the Search Soft program to find the job applications that were requested, and that they would limit the search to the 2011-2012 and 2012-2013 school years.
13. After sorting through the box and explaining the various document requests to Defendants, it was near 3:00 pm. Mr. Hinojosa and I did not have any remaining time to go through the filing cabinets to find relevant teacher evaluations and other applications.
14. Ms. Castillo said that the documents that we requested at the meeting, including the evaluations and the job applications, would be produced sometime after the meeting.
15. These documents accounted for the vast majority of documents produced in discovery.
16. Dr. Ball invited us to walk through the classrooms or visit one of the schools but by the end of the day, schools would be dismissing children for the day and we politely declined for that reason.

I swear under penalty of perjury, pursuant to 28 USC § 1746, that the foregoing is true and correct. Executed on the 20th day of March, 2014.

Ernest I. Herrera