IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENOVEVA MORALES, et al., | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:70-cv-00014 OLG |
| | § | |
| | § | |
| E.P. SHANNON, et al., | § | |
| | § | |
| **Defendants** | § | |

**JOINT MOTION TO MODIFY AND SUPPLEMENT 2012 CONSENT ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants and Plaintiffs in the above styled and numbered cause, and jointly move this Court to modify and supplement the 2012 Consent Order. In support of this motion, the parties show the following:

**I.
STATEMENT OF FACTS**

1.     Plaintiffs Genoveva Morales and her children filed this desegregation case in 1970 as a class action on behalf of the Mexican American students in the Uvalde Consolidated Independent School District (herein, "School District"). Plaintiffs alleged that Mexican Americans had been segregated in the operation of the School District and thereby discriminated. *Morales v. Shannon,* 366 Fed. Supp. 813 (W.D. Tex. 1973). On appeal, the Fifth Circuit remanded the case for the structure and implementation of a Desegregation Decree. *Morales v. Shannon,* 516 F.2d 411 (5th Cir. 1975). A final desegregation decree was entered in 1976. *See* Dkt. No. 59.

2. The Decree directed the School District to file annual reports providing statistical information with regard to the operation of the School District and its compliance with the Decree. No appeal was taken by any party from that Decree, and it therefore became final as a matter of law in 1976.

3. Modifications to the Decree occurred over the years. *See* Dkt. No. 103, 104, 134; *Morales v. Shannon,* 2007 WL 2317177 (W.D. Tex. Aug. 9, 2007). The District filed a Motion to Dismiss the case in 2007, and after extensive discovery, the parties negotiated a Consent Order and Settlement Agreement, which was entered by the Court on September 15, 2008. *See* Dkt. No. 170.

4. In 2011, Plaintiffs filed a Motion to Enforce Consent Order, and subsequently thereafter, in lieu of further litigation, the parties entered into a Consent Order and Settlement Agreement, which was entered by the Court on October 26, 2012. *See* Dkt. No. 204. This October 2012 Consent Order is currently in effect.

5. Sometime after the 2012 Consent Order was entered, the District hired a new Superintendent; additionally, the administrator who was assisting in the annual Compliance Reports left the District. The District also terminated its attorney who had handled the desegregation case for decades, and hired new counsel in or around December 2012. *See* Dkt. No. 206, 207. At the beginning of the 2012-13 school year, the District's Human Resource Director resigned, and the District was without a Human Resource Director for several months.

6. Due, in part, to the change in counsel and change in staff who were assigned to work on the 2012 Consent Decree and Compliance Report, some obligations of the District in the October 2012 Consent Order were not fully completed or were not completed

timely. In lieu of protracted litigation concerning enforcement of the Order, the parties have reached an agreement to modify and supplement the current Consent Order.

## II.
## ARGUMENT

7.      A consent decree is in many ways a contract between the parties. *U.S. v. City of Jackson, Miss.,* 519 F.2d 1147, 1151 (5th Cir. 1975). A consent decree is often reached in "exchange for the saving of cost and elimination of risk," to avoid the "costs of full scale litigation." *Id.* A consent decree is also an enforceable judicial order, to which the Court has the power to hold the parties to the terms of the consent decree. *U.S. v. Alcoa, Inc.,* 533 F.3d 278, 286 (5th Cir. 2008).

8.      Plaintiffs and Defendants have engaged in settlement discussions concerning compliance with the terms of the current Consent Order, resulting in an agreement to amend the current Consent Order. The parties come before the Court requesting that it approve the attached agreement, which provides additional obligations for the District and will be Exhibit C to the current Consent Order. Among the pertinent provisions of the agreement are that the parties agree to extend the current Consent Order for an additional year and that the School District shall hire an expert consultant. All other terms and duties set forth in the October 2012 Consent Order remain unmodified and in full effect.

9.      The parties respectfully request that the Court approve the attached agreement, Exhibit C, modifying in part and supplementing the current Consent Order (Dkt. No. 204).

10.     The duties, terms, and obligations set forth in Exhibit C are consistent with the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act

of 1964 and the Equal Educational Opportunities Act of 1974 and will further the orderly desegregation of the District.

## CONCLUSION

For the reasons stated above, Defendants and Plaintiffs respectfully request that the Court approve the attached Exhibit C to modify and supplement the October 2012 Consent Order.

Respectfully submitted,

| | |
|---|---|
| By: /s/ STACY T. CASTILLO<br>D. CRAIG WOOD<br>ATTORNEY IN CHARGE<br>State Bar No. 21888700<br>cwood@wabsa.com<br>STACY TUER CASTILLO<br>State Bar No. 00796322<br>scastillo@wabsa.com<br>WALSH, ANDERSON, GALLEGOS<br>GREEN & TREVIÑO, P.C.<br>100 N.E. Loop 410, Suite 900<br>San Antonio, Texas  78216<br>TEL NO.: (210) 979-6633<br>FAX NO.: (210) 979-7024<br><br>ATTORNEYS FOR DEFENDANTS | By:  /s/ DAVID HINOJOSA<br>DAVID HINOJOSA<br>State Bar No. 24010689<br>ERNEST HERRERA<br>N.M. State Bar No. 144689<br>Mexican American Legal Defense<br>and Educational Fund, Inc. (MALDEF)<br>110 Broadway, Ste. 200<br>San Antonio, TX  78205<br>(210) 224-5476<br>(210) 224-5382 (FAX)<br><br>ATTORNEYS FOR PLAINTIFFS |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2014, a true and correct copy of the above and foregoing Joint Motion to Modify and Supplement 2012 Consent Order was electronically filed with the Clerk of the Court using CM/ECF system, and notification of such filing will be electronically sent to:

Mr. David G. Hinojosa
Mr. Ernest Herrera
Mexican American Legal Defense
And Educational Fund, Inc. (MALDEF)                         /s/ STACY T. CASTILLO
110 Broadway, Ste. 200                                                  STACY T. CASTILLO
San Antonio, TX  78205

4